FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2007 NOV -5  P 3: 25

CLERK US. DISTRICT COURT
ALEXANDRIA, VIRGINIA

)
)
IN RE SUBPOENA DUCES         )
TECUM TO AOL, LLC            )
                            )
                            )

/ - 07 m c 34
GBL / BRP

## MEMORANDUM IN SUPPORT OF MOTION BY CORI AND KERRI RIGSBY TO QUASH SUBPOENA FROM STATE FARM FIRE & CASUALTY CO. TO AOL, LLC

Cori Rigsby and Kerri Rigsby, by counsel, have moved pursuant to Fed. R. Civ. P. 45(c)(3)(a)(iii)-(iv) for an order quashing a subpoena dated October 29, 2007, issued through this Court by State Farm Fire and Casualty Company to AOL, LLC, ("AOL Subpoena") and calling for production of documents on November 9, 2007 at a post office box in Richmond, Virginia. The subpoena is attached hereto as Exhibit A. The subpoena is for email sent via AOL (the Rigsbys' internet service provider) to or by the Rigsbys, non-party witnesses in an action pending in the Southern District of Mississippi, *McIntosh v. State Farm*, 1:06-cv-1080. *See* Exhibit B (*McIntosh* Complaint). The Rigsbys have objected to the AOL Subpoena and requested that State Farm withdraw it. State Farm has declined. *See* Exhibit C (November 1, 2007 Letter to Benjamin Mullen, counsel for State Farm).

The Court should quash the subpoena because compliance would violate the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701 *et seq.*, ("Privacy Act").[1] Further, without

---

[1] Because the subpoena is for records relating to, indeed, records created by, Cori and Kerri Rigsby, records that implicate their privacy interests protected by federal law as explained herein, they are entitled to file their motion to quash. *E.g., Norris Mfg. Co. v. R.E. Darling Co.*, 29 F.R.D. 1 (D.Md. 1961) (party has standing to move to quash subpoena duces tecum directed at nonparty calling for production of party's work product documents); *Catskills Dev. LLC v. Park Place Ent.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (quashing "fishing expedition" subpoena for

regard to the Privacy Act, the subpoena is overbroad and unduly burdensome. It sweeps in the Rigsbys' communications with their attorneys, and in one period, includes all emails without regard to sender, subject matter, or possible relevance. *See Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004) (condemning such subpoenas for email). Finally, under Fed. R. Civ. P. 45(c), 26(c) and 37(a)(4), 28 U.S.C. § 1927, and the inherent judicial power recognized in *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991), the Court should award sanctions against State Farm because it was on notice before issuing this subpoena that it is unenforceable under the Privacy Act and that it calls for the production of privileged information.

## FACTS

The case in which State Farm has issued this subpoena to AOL involves insurance fraud in the aftermath of Hurricane Katrina. It was filed by a State Farm policyholder alleging that State Farm fraudulently changed engineering assessments of hurricane damage so that the damage would not be covered by the homeowner policy provision for wind damage but would instead be subject to the exclusion for flood damage. The Rigsbys were adjustors who discovered what they believed to be State Farm's wind/water fraud with respect to the McIntosh claim and other claims. On the basis of their discovery, the Rigsbys provided documents to state and federal law enforcement authorities and filed a qui tam action against State Farm and others in the Southern District of Mississippi, alleging that State Farm had defrauded the United States by shifting costs from its own wind coverage to the federal flood insurance program. *See United States ex rel Rigsby v. State Farm Mutual Ins. Co.*, No. 1:06-cv-433.

This is the second time State Farm has subpoenaed the Rigsbys' documents from AOL – the first subpoena to AOL was issued in the Southern District of New York and called for the

tribal records to Key Bank); *see generally* 9A Wright & Miller, *Federal Practice & Procedure 2d* § 2459, at 41 (1995 & 2007 supp).

production of all of the Rigsby's email. *See* Exhibit D (September 24, 2007, Southern District of

New York subpoena to AOL).   After State Farm refused to withdraw the subpoena, the Rigsbys

moved to quash in New York and State Farm then withdrew it. *See* Exhibit E (Rigsby Motion to

Quash New York Subpoena); Exhibit F (State Farm's Notice of Withdrawal of Subpoena).

The subpoena from this Court demands that AOL produce two categories of documents

from the Rigsbys' personal email accounts.  Category 1 demands any and all documents from the

email accounts of both Cori and Kerri Rigsby between August 29, 2005, and October 23, 2006

> relating in any way to: (i) Thomas or Pamela McIntosh; (ii) State Farm Fire &
> Casualty Company's activities, agreements, contracts, conduct, communications,
> or claims handling practices pertaining to Hurricane Katrina; (iii) Forensic
> Analysis & Engineering Corporation's activities, agreements, analyses, contracts,
> conduct, communications, or report pertaining to Hurricane Katrina; and (iv) E.A.
> Renfroe & Company, Inc's activities, agreements, contracts, conduct,
> communications, or claims handling practices pertaining to Hurricane Katrina.

Exhibit A to AOL Subpoena, at paras 1 and 2.  Category 2 demands every single document,

without limitation, from Cori Rigsby's email account for a six-week period between September

1, 2007 and October 12, 2007.  *Id.* at para. 3 (requesting "any and all documents, including

electronically stored information, in your custody, possession or control pertaining in any way to

any emails, email accounts, or email addresses of Cori (Moran) Rigsby, including without

limitation, the email address rigsby8888@aol.com").

## ARGUMENT

A.   **The Subpoena Should Be Quahsed Because It Violates the Electronic
     Communications Privacy Act, Calls for the Production of Privileged Material, Is
     Unduly Burdensome, and Demands That Documents Be Delivered to a Post Office
     Box.**

1.  AOL is an entity providing electronic communications services to the public and thus

subject to the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, *et seq.*  The Act

forbids AOL to divulge the emails and other documents of its subscribers even when sought by

3

subpoena. *F.T.C. v. Netscape Comm. Corp.*, 196 F.R.D. 559, 560-61 (N.D. Cal. 2000) (holding Privacy Act at § 2703(c)(1)(C) prohibited Netscape from disclosing subscriber's email in response to a Fed. R. Civ. P. 45 discovery subpoena and thus denying motion to compel). Indeed, the Act was intended in major part to prevent litigants from using self-issued subpoenas to intrude into the privacy of electronic communications that, as to almost anyone's email account, span the entire range of communications and may include the most personal and private information imaginable. For this reason alone, the subpoena should be quashed.[2]

2. The subpoena also should be quashed because compliance would require AOL to disclose the Rigsbys' privileged communications. Fed. R. Civ. P. 45(c)(3)(A)(iv) ("the court by which a subpoena was issued shall quash or modify the subpoena if it...requires disclosure of privileged or other protected matter and no exception or waiver applies"). The subpoena, as to both categories of documents, contains no exception for attorney-client privileged, work product, or otherwise non-discoverable information. The Rigsbys' personal email accounts likely contain communications with their attorneys related to the *McIntosh* litigation and the qui tam action, as well as a federal case pending against them in the Southern District of Alabama by their former employer E.A. Renfroe ("Renfroe"), No. 06-cv-01752. The email accounts may also contain protected communications between the Rigsbys and the Federal Bureau of Investigation related to their discovery of insurance fraud by State Farm after Hurricane Katrina. Because these privileges belongs to the Rigsbys personally and not to AOL, the company has neither the

---

[2]AOL's webpage contains this statement: "Please be advised that the Electronic Communications Privacy Act, 18 U.S. § 2701 et seq., prohibits an electronic communications service provider from producing the contents of electronic communications, even pursuant to subpoena or court order, except in limited circumstances. *See* http://legal.web.aol.com/aol/aolpol/civilsubpoena.html.

incentive nor the ability to properly review and withhold privileged material with respect to them. State Farm has made no effort to exclude such privileged communications.

   3.   The subpoena also should be quashed because the second category of documents requested from AOL is unduly burdensome. Fed. R. Civ. P. 45(c)(3)(A)(iii) ("the court by which a subpoena was issued shall quash or modify the subpoena if it...subjects a person to undue burden."). That request, which is for all documents from Cori Rigsby's email account between September 1, 2007 and October 12, 2007, contains no limitation whatsoever as to subject matter, sender, or recipient, and would likely include privileged material, as well as personal, financial, and other confidential information of Ms. Cori Rigsby completely unrelated to the *McIntosh* litigation. *See Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004) (describing a subpoena much like the one in issue here as "a piece of paper masquerading as legal process" and agreeing with lower court's conclusion that service of the subpoena constituted bad faith). In early September 2007, Ms. Rigsby's home computer ceased to function but she has accessed her AOL email account from other computers since that time. State Farm has been granted permission to have an expert chosen by the Court examine Ms. Rigsby's computer; consequently, there is no justification for giving State Farm unrestricted access to Ms. Rigsby's email communications.

   4.   Finally, the subpoena should be quashed because it requests that responsive documents be delivered for inspection at a post office box in Richmond, Virginia. If AOL delivers the subpoenaed documents to a post office box, only counsel for State Farm would have an opportunity to inspect and review them. Both Plaintiff's counsel and the Rigsby's counsel should have equal opportunity to inspect and copy anything AOL produces pursuant to the subpoena duces tecum which cannot happen if documents are mailed to a post office box. Fed. R. Civ. P. 45(a)(1)(C) requires that the subpoena identify a "time and place" for production. A

subpoena that demands a mailing at an unspecified time to a post office box does not meet the "time and place" requirement of the Rule.

**B.     This Court Should Award Sanctions.**

This Court should award sanctions pursuant to Fed. R. Civ. P. 45(c), 26(c) and 37(a)(4), 28 U.S.C. § 1927, and the inherent judicial power recognized in *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991). Because of their role as whistleblowers, State Farm has pursued the Rigsbys aggressively as witnesses in the *McIntosh* case, and otherwise. A review on Pacer of the docket sheet in the *McIntosh* case shows that State Farm has subpoenaed all of the Rigsbys' financial records held by their accountant and all of the Rigsbys' financial records held by a number of banks. State Farm has subpoenaed the Rigsbys' mother. State Farm has subpoenaed the Rigsbys themselves, and most recently one of the Rigsbys' computers. The Rigsbys are not parties in the *McIntosh* case; they are non-party witnesses. State Farm has tried to defend by making the Rigsbys the main event.[3]

As noted, before filing this motion to quash, we wrote State Farm to object to and explain the defects in this AOL subpoena, namely that it violated the Electronic Communications Privacy Act. We similarly wrote State Farm to object and explain the defects in their earlier subpoena to AOL issued in the Southern District of New York. *See* Exhibit G (October 3, 2007 letter of Harlan Winn to Benjamin Mullen). Although State Farm cured certain of the procedural defects of the New York Subpoena by filing this subpoena in the Eastern District of Virginia where AOL is located and requesting that the documents be returned in Virginia, the subpoena's primary flaw, violation of the Privacy Act, remains. Moreover, State Farm cannot claim to have been unaware of the Privacy Act or its prohibition on internet providers from disclosing

---

[3]State Farm and Renfroe, a State Farm contractor and a codefendant in the *McIntosh* case, have even issued subpoenas seeking to learn what documents the Rigsbys' counsel have supplied to the attorneys for the United States government.

subscribers' email because we specifically informed them of the Privacy Act and its consequences in our October 3 letter regarding the New York Subpoena and again in our November 1 letter regarding the AOL Subpoena from this Court. Yet, State Farm has refused to withdraw this second subpoena to AOL for the Rigsbys' email.

Rule 45(c)(1) provides that an attorney responsible for issuing a subpoena like the AOL subpoena "shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." It also provides that the court "shall enforce this duty and impose upon the . . . attorney in breach of this duty an appropriate sanction, which may include . . . a reasonable attorney's fee." Rule 45's provisions apply to the Rigsbys, whose privacy and property interests are invaded by the subpoena, and who are, therefore, "subject to the subpoena." For the same reason that they are entitled to move to quash under Rule 45(c)(3), they are protected by the related sanctions provisions in Rule 45(c)(1). *Liberty Mutual Ins. Co. v. Diamante*, 194 F.R.D. 20, 22-23 (D. Mass. 2000) (awarding attorneys' fee to non-party for expenses incurred in quashing subpoenas issued to his mortgagor and credit union as well as to him); *Doe v. 2TheMart.com Inc.*, 140 F Supp.2d 1088, 1095-97 (W.D. Wash. 2001) (internet user had right to move to quash subpoena to internet service provider for information about her emails).

Moreover, sanctions can just as easily be awarded under Fed. R. Civ. P. 26(c), which explicitly authorizes sanctions in the context of protective orders (making them awardable under Rule 37(a)(4)). *See, e.g., Pudela v. Swanson*, 1993 WL 532546 (N.D. Ill. 1993) (awarding fees to attorney hired by expert witness to quash subpoena). The same is true with respect to an award of sanctions under 28 U.S.C. § 1927, because misuse of a subpoena necessitates the filing of a miscellaneous action seeking to quash the subpoena and thus, in the words of the statute,

"multiplies the proceedings in any case unreasonably and vexatiously." Putting rules and statutes to the side, the Court also has the inherent power to award attorneys' fees for misuse of a subpoena and, after having been confronted with the misuse, for demonstrating bad faith by requiring the litigation of a motion to quash despite the obvious need to withdraw the subpoena. *See Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991).

This is a textbook case for the issuance of sanctions. The Federal Rules permit attorneys, even out-of-district and out-of-state attorneys, to self-issue subpoenas to third parties in the name of a federal court and to do so by simply signing their names to the subpoena as an attorney for a party. With that latitude goes some obligations. No matter how modest the obligations are conceived to be, they were clearly violated in this case when State Farm's counsel signed and refused to withdraw an improper subpoena. The fact that the subpoena is in clear violation of a federal statute, the Electronic Communications Privacy Act, makes it flatly improper. Moreover, the subpoena calls for documents that are likely privileged, and the subpoena's second category calls for the production of every single email in Cori Rigsby's email account for a period, irrespective of subject-matter or relationship to the litigation. This is clearly an abuse of the subpoena power. *See Theofel*, 359 F.3d at 1074 n.1 (sanctions for similar subpoena). *See also* Advisory Committee Note to 1991 amendment to Rule 45 ("The liability of the attorney is correlative to the expanded power of the attorney to issue subpoenas."); Wright & Miller, *Federal Practice & Procedure* § 2463, at 68 (1995) ("With the expanded power of the attorney to issues subpoenas, the liability of the attorney for misusing Rule 45 has been expanded accordingly.").

State Farm has held fast and refused to withdraw its subpoena in the face of an explanation that it is invalid because it seeks documents and information protected by federal

8

statute and because it purports to compel the production of obviously privileged and non-discoverable documents. Indeed, State Farm has never disputed these points. If at one time there could have been a defense that the AOL subpoena was not intentionally issued in disregard of the Privacy Act and of the Federal Rules, that defense cannot be offered now. The subpoena is an abuse of process, plain and simple, and State Farm has refused to withdraw it despite full knowledge of the subpoena's defects. Therefore, sanctions should be assessed against State Farm or its counsel, as permitted under the Federal Rules, federal statute and the Court's inherent authority. *See 9 Moore's Federal Practice* § 45.33[1] (collecting cases awarding sanctions for misuse of a Rule 45 subpoena).[4]

## CONCLUSION

For the reasons explained above, the Court should enter an order pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv) quashing the subpoena and issue sanctions pursuant to Fed. R. Civ. P. 45(c), 26(c) and 37(a)(4), 28 U.S.C. § 1927, and the inherent judicial power recognized in *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991).

---

[4]The Rigsbys' counsel have spent substantial time writing and calling State Farm's attorneys and drafting and filing the motion to quash, as is obvious from a review of all the papers and exhibits. The Court would be justified in assessing a modest sanction of $2,500 if State Farm will withdraw the subpoena before a hearing is required on the motion to quash. If a hearing is required, the Court should award actual fees and costs, which we will file affidavits to establish. *See Anderson v. Virgin Islands*, 180 F.R.D. 284 (D.V.I. 1998) (fees as sanctions where, among other things, subpoena commanded production of documents outside of issuing district); *Night Hawk Ltd. v. Briarpatch Ltd.*, 2004 WL 13575558, *3-4 (S.D.N.Y, June 17, 2004) (explaining award of fees under Rule 45); *American Int'l Life Assur. Co. v. Vazquez*, 2003 WL 548736, * 3 (S.D.N.Y., Feb. 25, 2003) (same); Advisory Committee Note to 1991 amendment to Rule 45 ("The liability may include the cost of fees to collect attorneys' fees owed as a result of a breach of this duty.").

Dated:  November 5, 2007                    Respectfully submitted,


_Ellen D. Marcus_

Ellen D. Marcus (Virginia Bar No. 44314)
Michael R. Smith (motion for admission *pro
    hac vice* filed herewith)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
(202) 778-1800


*Counsel for Cori Rigsby and Kerri Rigsby*

10

## CERTIFICATE OF SERVICE

I, Ellen D. Marcus, hereby certify that on November 5, 2007, I caused a copy of the foregoing Memorandum in Support of Motion By Cori and Kerri Rigsby to Quash Subpoena From State Farm Fire & Casualty Co. to AOL, LLC to be electronically mailed to counsel of record and also to be deposited in the United States Mails, first class postage prepaid, addressed for delivery to them, as follows:

H. Benjamin Mullen
Matthew E. Perkins, Esq.
Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
1103 Jackson Avenue
Pascagoula, MS 39568-1529
Ben1@bnscb.com

AOL LLC – Legal Department Custodian of Records, Civil Subpoenas
22000 AOL Way
Dulles, VA 20166

_____
Ellen D. Marcus