ZUCKERMAN SPAEDER LLP
C. Evan Stewart (CS-8482)
Shawn P. Naunton (SN-0397)
Laura E. Neish (LN-0040)
1540 Broadway, Suite 1604
New York, New York 10036-4039
212.704.9600

*Attorneys for Movants Cori Rigsby and Kerri Rigsby*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
IN RE STATE FARM FIRE & CASUALTY CO.　　:　　Misc. No. M8-85
SUBPOENA *DUCES TECUM* TO　　　　　　　　　　:
AOL TIME WARNER, INC.　　　　　　　　　　　　　:
------------------------------------------------------------------x



## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY CORI AND KERRI RIGSBY TO QUASH THE SUBPOENA *DUCES TECUM* FROM STATE FARM FIRE & CASUALTY CO. TO AOL TIME WARNER, INC.

Cori Rigsby and Kerri Rigsby (together, the "Rigsbys"), by undersigned counsel, have moved pursuant to Fed. R. Civ. P. 45(c)(3)(a)(iii)-(iv) for an order quashing a subpoena *duces tecum* dated September 24, 2007 (the "Subpoena"), issued through this Court by State Farm Fire & Casualty Co. ("State Farm") to AOL Time Warner, Inc. ("AOL"), and calling for production of documents on October 5, 2007 in Pascagoula, Mississippi. The Subpoena is attached as Exhibit A to the October 5, 2007 Declaration of Shawn P. Naunton that accompanies these motion papers (the "Naunton Declaration"). The Subpoena seeks production of every email ever sent via AOL to or by the Rigsbys, non-party witnesses in the case that spawned the Subpoena. The Court should quash the Subpoena. Compliance would violate the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701 *et seq.*, and the Subpoena is grossly overbroad in seeking production of irrelevant, private, and privileged information.

The Subpoena demands that AOL produce:

[A]ny and all documents and any and all electronically stored information in any medium from which information can be obtained in your custody, possession or control pertaining in any way, without limitation, to any and all electronic mail (email) accounts and email addresses of Kerri Rigsby [and Cori Rigsby], including without limitation, the email address krigsby111@aol.com, and any additional email addresses, including but not limited to any and all emails and attachments sent, received or otherwise transacted between the dates of August 29, 2005 and October 23, 2006.

*See* Naunton Declaration Ex. A. Rule 45(c)(3)(A)(iii)-(iv) specifically authorizes the Court to quash subpoenas that impose "undue burden" or seek "privileged or other protected matter."[1] The Subpoena at issue here does both, and the Court should quash the Subpoena for the following reasons.

First, AOL is an entity that provides electronic communications services to the public and therefore is subject to the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, *et seq.* (the "Act"). The Act forbids AOL to divulge emails and other documents even when sought by subpoena. Indeed, the Act was intended in major part to prevent litigants from using self-issued subpoenas to intrude into the privacy of electronic communications that, as to almost anyone's email account, span the entire possible range of communications and include the most personal and private information imaginable. The Subpoena at issue here is as offensive to the values protected by the Act as it could possibly be. On its face, the Subpoena seeks all of the Rigsbys personal email "without limitation." It is not limited to a specific time period and makes no effort to identify potentially relevant email by subject matter. It sweeps in all protected attorney-client communications as well as all conceivable personal, financial and other information, without regard to any standard of relevance. And it does nothing to protect the privacy of third

---

[1] Because the Subpoena is for records relating to (and indeed created by) the Rigsbys -- records that implicate the Rigsbys' privacy interests protected by federal law as explained herein -- the Rigsbys are entitled to file this motion to quash. *Catskills Dev. LLC v. Park Place Ent.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (quashing "fishing expedition" subpoena for tribal records to Key Bank); *see generally* 9A Wright & Miller, *Federal Practice & Procedure 2d* § 2459, at 41 (1995 & 2007 supp).

parties who communicated by email with the Rigsbys. *See Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004) (describing a subpoena much like the one at issue here as "a piece of paper masquerading as legal process" and agreeing with lower court's conclusion that, in view of the terms of the Act, service of the subpoena constituted bad faith); *FTC v. Netscape Communications Corp.*, 196 F.R.D. 559 (N.D.Cal.2000) (Act does not permit civil litigation subpoenas).[2]

Second, even apart from the Act, the Subpoena is overbroad and harassing. It demands every email either of the Rigsbys *ever* wrote or received through AOL. The Subpoena does not specify any particular information that is sought or provide any means for evaluating relevance. Indeed, the Subpoena is more in the nature of a general search warrant than a proper Subpoena seeking discovery in a civil action. State Farm is not entitled simply to roam through the Rigsbys' emails on a fishing expedition, reviewing and taking any information that it desires.

Third, the Subpoena improperly seeks protected attorney-client electronic communications and other protected, electronically stored communications and information. The Rigsbys used their personal AOL accounts to communicate with attorneys representing them in various matters, still pending, in which they are parties or witnesses, including a qui tam claim under the False Claims Act in which State Farm is a defendant. *See* Naunton Declaration ¶5. There is no basis for intruding into the attorney-client privilege that protects the Rigsbys' communications with their counsel, a privilege that the Rigsbys specifically assert and have never waived.

---

[2] AOL's webpage contains this statement: "Please be advised that the Electronic Communications Privacy Act, 18 U.S. § 2701 *et seq.*, prohibits and electronic communications service provider from producing the contents of electronic communications , even pursuant to subpoena or court order, except in limited circumstances." *See* http://legal.web.aol.com/aol/aolpol/civilsubpoena.html.

Fourth, by seeking protected attorney-client communications, the Subpoena also improperly sweeps in protected attorney work product, materials prepared in anticipation of litigation and other trial preparation materials.

Fifth, the Rigsbys' email also may contain protected communications between the Rigsbys and the Federal Bureau of Investigation. *See* Naunton Declaration ¶6.

Sixth, because the Subpoena fails to specify what it actually seeks from AOL, stating on its face that it is "without limitation," the Subpoena also seeks irrelevant and otherwise undiscoverable private personal communications and private financial information.

Seventh, the Subpoena violates the privacy rights of every person who or entity that sent an email to or received an email from the Rigsbys via AOL. It makes no provision for notice to or the protection of such persons or entities.

Eighth, the Subpoena is an effort by State Farm to circumvent the discovery stay in the qui tam case brought against it and as to which discovery is stayed. *See* Naunton Declaration Exhibit B (portion of qui tam complaint) and Exhibit C (order staying discovery in qui tam case). Further, as to the qui tam case, the Subpoena improperly sweeps in material that constituted part of the *ex parte* disclosures to the United States that are required by federal law and are protected against disclosure by federal law and a joint prosecution/joint interest privilege. *See* U.S.C. § 3729, et seq.; *U.S. ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554 (C.D.Cal.2003).

Ninth, unrelated to the manifold problems with the Subpoena's nature and scope, the Subpoena is defective for the additional reason that it was served in the wrong district. We understand that AOL, although a subsidiary of Time Warner, Inc., is itself located in Virginia -- not New York -- and that in fact there is no longer an entity called AOL Time Warner, Inc. Further, the Subpoena, though issued in the Southern District of New York, improperly demands

4

compliance at a deposition to be held in Pascagoula, which is in the Southern District of Mississippi. The Subpoena can properly demand compliance only within the Southern District of New York, the District from which it issued. *See James v. Booz Allen & Hamilton, Inc.*, 206 F.R.D. 15 (D.D.C. 2002).

CONCLUSION

Accordingly, for the reasons set forth above, the Court should enter an Order pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv) quashing the Subpoena.

Dated: New York, New York
      October 5, 2007

ZUCKERMAN SPAEDER LLP

C. Evan Stewart (CS-8482)
Shawn P. Naunton (SN-0397)
Laura E. Neish (LN-0040)
1540 Broadway, Suite 1604
New York, New York 10036-4039
212.704.9600

*Attorneys for Movants Cori Rigsby
and Kerri Rigsby*