

THE FINANCIAL CENTER
505 NORTH 20TH STREET, SUITE 1150
BIRMINGHAM, AL 35203
MAIN 205.397.8160 FAX 205.397.8179

Harlan F. Winn, III
Direct Dial: (205) 397-8164
Email: hwinn@bfgwc.com

October 3, 2007

*Via Federal Express;*
*Facsimile ((228)-769-6392); and*
*E-mail (Ben1@bnscb.com)*

H. Benjamin Mullen
Bryan, Nelson, Schroeder, Catigliola & Banahan
1103 Jackson Avenue
Pascagoula, MS 39568-1529

   Re: *McIntosh v. State Farm,* No. 1:06-CV-1080 (S.D. Miss.)

Dear Mr. Mullen:

  I represent Cori Rigsby in connection with the subpoena in the above-referenced case calling for AOL Time Warner, Inc. to appear on October 5, 2007 at 5:00 p.m. to produce:

> Any and all documents and any and all electronically stored information in any medium from which information can be obtained in your custody, possession or control pertaining in any way, without limitation, to any and all electronic mail (email) accounts and email addresses of Kerri Rigsby [and Cori Rigsby], including without limitation, the email address krigsby111@aol.com, and any additional email addresses, including but not limited to any and all emails and attachments sent, received or otherwise transacted between the dates of August 29, 2005 and October 23, 2006.

  I tried to reach you by telephone today but I was told you were out until possibly Friday. In any event, pursuant to Fed. R. Civ. P. 45(c)(2)(B), these are written objections to production and inspection of the designated items. It is simply inconceivable that State Farm thought it was appropriate to serve a subpoena containing such a broad, invasive and harassing document request. The objections to the subpoena include the following.

  1. AOL is an entity providing electronic communications services to the public. The Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, *et seq.*, forbids AOL to divulge the emails and other documents you seek, whether or not they receive a properly served subpoena. Indeed, the Act was intended in major part to prevent litigants from using self-issued subpoenas to intrude into the privacy of electronic communications that, as to almost anyone's email account, span the entire range of communications that include the most personal and private

*October 3, 2007*
*Page 2*

information imaginable. The subpoena at issue here is as offensive of the values protected by the Act as it could possibly be, being as it says on its face "without limitation." It has no time frame and specifies no particular documents it seeks. It sweeps in all attorney-client, personal, financial and other information in the accounts, without regard to any standard of relevance. It does nothing to protect the privacy of third parties involved in communications with the Rigsbys. In any event, even if the subpoena were carefully thought out and particularized, it still would call for AOL to violate the Act.[1]

2. Apart from the Act, the subpoena is grossly overbroad and harassing. It asks for every email either of the Rigsbys ever has had through AOL, no matter who with or what about. The subpoena does not specify any particular information that is sought or provide any means for evaluating relevance. State Farm is not entitled to roam through the Rigsbys' email on a "fishing expedition," reviewing and taking any information that it desires, without regard to relevance or privacy interests.

3. The subpoena improperly seeks attorney-client privileged electronic communications and electronically stored communications and information. There is no basis for intruding into the attorney-client privilege that protects Cori or Kerri Rigsby's communications with the attorneys representing them in connection with the *McIntosh* case, the qui tam case pending against State Farm in the Southern District of Mississippi, the *Renfroe* case, or other matters. The Rigsbys assert this privilege as to all such communications.

4. By seeking attorney-client communications, the subpoena also improperly seeks attorney work product and trial preparation materials.

5. The AOL communications may contain protected communication between Ms. Rigsby and the Federal Bureau of Investigation.

6. Because the subpoena fails to specify what it actually seeks from AOL, stating that it is "without limitation," it also seeks irrelevant and otherwise undiscoverable private personal communications and private financial information, including information as to which discovery was denied by the court in an order dated October 1, 2007.

7. Because the subpoena fails to specify what it actually seeks from AOL, it also seeks private personal, financial and medical information relating to other family members who used any subpoenaed computer, including Ms. Rigsby's sister, mother and step-father.

8. The subpoena violates the privacy rights of every person or entity who/that sent an email communication to or received one from the Rigsbys via AOL. It calls for nearly

---

[1] AOL's webpage contains this statement: "Please be advised that the Electronic Communications Privacy Act, 18 U.S. § 2701 et seq., prohibits and electronic communications service provider from producing the contents of electronic communications , even pursuant to subpoena or court order, except in limited circumstances.. *See Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004) (describing a subpoena much like the one in issue here as "a piece of paper masquerading as legal process" and agreeing with lower court's conclusion that service of subpoena constituted bad faith).

*October 3, 2007*
*Page 3*

forthwith compliance by AOL and makes no provision for notice to or the protection of such persons or entities.

    Please call me if you wish to discuss these objections further.

                                    Very truly yours,

                                    Harlan F. Winn, III

HFWIII/lgs
Cc:    Cori Rigsby
        Kerri Rigsby