IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM     ) | |
| TO AOL, LLC                                       )   | Case No. 1:07-mc-34-GBL-BRP |
| _____) | |

**OBJECTIONS TO MAGISTRATE JUDGE'S ORDER QUASHING SUBPOENA**

State Farm Fire and Casualty Company ("State Farm"), by counsel, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636, hereby objects to the Order of this Court entered November 30, 2007 (Dkt. No. 7) by the Honorable Barry R. Poretz, United States Magistrate Judge, and assigns error to said Order for the reasons set forth below, and requests this Court to set aside and/or reverse said Order on the basis that it is erroneous and contrary to law.  State Farm assigns the following errors:

1.  The Order of the Court erroneously adopts and incorporates as its own the reasons set forth in the Motion to Quash and supporting Memorandum in Support filed by movants Cori and Kerri Rigsby (Dkt. Nos. 1, 2).  The reasons set forth in the Motion to Quash and supporting Memorandum in Support filed by movants Cori and Kerri Rigsby (Dkt. Nos. 1, 2) are erroneous and contrary to law, for the reasons stated more particularly in State Farm's Memorandum in Opposition (Dkt. No. 5).

2.  The Order of the Court is erroneously premised on the Court's incorrect finding or conclusion of law that the subject subpoena *duces tecum* to AOL is prohibited by the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.* ("the Privacy Act").  By its express terms, the Privacy Act does not bar an internet service provider like AOL from producing records in response to a properly issued, facially valid subpoena *duces tecum* like the subject subpoena.  The subpoena *duces tecum* would not result in State Farm's *unauthorized*

access to the Rigsbys' electronic communications held by AOL, nor would it result in some form of trespass, as contemplated by the Privacy Act.  As noted by this Court in *Freedman v. America Online, Inc.*, 325 F.Supp.2d 638 (E.D.Va. 2004), Congress's purpose in enacting the Privacy Act in 1986 was "to protect against the interception and disclosure of information related to electronic communications."  *Id.* at 643 (citation omitted).  "The Act's paramount objective is to protect the privacy of persons in connection with the use of electronic and wire communications." *Id.* (citation omitted).[1]  Contrary to the position asserted by the movants, however, the Privacy Act was not intended to give parties or witnesses in a civil action the right to circumvent the discovery process. *Compare Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 496 (S.D.W.Va. 2003) (finding that even if the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., "included no exception for civil discovery, the mere fact that a statute generally prohibits the disclosure of certain information does not give parties to a civil dispute the right to circumvent the discovery process").  The Magistrate Judge, in granting the motion to quash, erroneously interpreted and applied the Privacy Act as being so broad in scope as to prohibit AOL from responding to this properly issued and valid subpoena *duces tecum*.[2]

3.      Contrary to the Order of the Court and the arguments made by the movants, the Privacy Act does not represent a sweeping revision of discovery practices in federal courts, and does not bar the discovery of e-mails and electronically stored information in response to a

---

[1] *See also U.S. v. Hambrick*, 55 F.Supp.2d 504, 507 (W.D.Va. 1999) ("Congress enacted the Electronic Communications Privacy Act of 1986 to protect against the unauthorized interception of various forms of electronic communications and to update and elaborate on federal privacy protections and standards in light of changing computer and telecommunications technologies. S. REP. NO. 99-541, at 1 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 3555. Title I of the Act addresses the interception of wire, oral and electronic communications. Title II addresses access to stored wire and electronic communications and transactional records. Title III addresses pen registers and trap and trace devices.").

[2] Magistrate Judge Poretz specifically found that the information sought by State Farm through its subpoena to AOL was relevant to the claims or defenses asserted in the underlying action and thus within the permissible scope of discovery, subject to any claim of privilege by the movants (but without deciding whether any of the information sought was privileged, or whether any exceptions or waiver to a claim of privilege applied).

properly served subpoena *duces tecum* like the subject subpoena. This conclusion is supported by case law precedent from other jurisdictions. *See, e.g., McCready v. eBay, Inc.*, 453 F.3d 882 (7th Cir. 2006) (McCready brought action alleging that a "phony" subpoena duces tecum had been served on eBay and that eBay had improperly complied with the subpoena and produced printouts of electronic communications involving McCready, in violation of the Electronic Communications Privacy Act and the Stored Communications Act; on 12(b)(6) motion to dismiss, the Seventh Circuit held: "Good faith reliance on a subpoena is a complete defense to actions brought under the ECPA and SCA. 18 U.S.C. §§ 2520(d)(1), 2707(e). McCready alleges that eBay's compliance with the subpoena was not in good faith, but a look at the subpoena shows otherwise. The subpoena was issued by a federal district court and included the title of the action and the cause number. The subpoena also quoted the entirety of Rule 45(c) and (d), which details the rights and duties of those subject to respond to a subpoena. eBay received the subpoena by mail, which is not improper. Nothing else gives any indication of irregularity sufficient to put eBay on notice that the subpoena was 'phony.' Therefore there is no indication that eBay acted in any fashion other than good faith, so that its compliance falls squarely within the statutory defense. It is apparent, as well, that McDuffee and Kamminga acted in good faith. The subpoena was issued by a federal district court on behalf of a defendant in a pending lawsuit, seeking information about a party opponent which related to the case."); *see also Theofel v. Farey-Jones*, 359 F.3d 1066, 1071, 1074 (9th Cir. 2004) (drawing a comparison to common law trespass, Ninth Circuit found that plaintiffs had alleged a cause of action under federal electronic privacy and computer fraud statutes against defendants who used a "patently unlawful" subpoena to gain access to e-mail stored by plaintiffs' Internet service provider, NetGate, noting that the Magistrate Judge had determined that "the subpoena, on its face, was massively overbroad" and

"patently unlawful," that it "transparently and egregiously" violated the Federal Rules, and that defendants "acted in bad faith" and showed "at least gross negligence in the crafting of the subpoena"; in reaching this decision, Ninth Circuit commented that the person who served the subpoena was supposed to "take reasonable steps to avoid imposing undue burden or expense" under Rule 45 and that "[o]ne might have thought, then, that the subpoena would request only e-mail related to the subject matter of the litigation, or maybe messages sent during some relevant time period, or at the very least those sent to or from employees in some way connected to the litigation."); *Theofel v. Farey-Jones*, No. 01-0181 (N.D.Cal. Feb. 01, 2002) (Order attached to State Farm's Memorandum in Opposition as Exhibit 13) (Magistrate Judge determined that subpoena *duces tecum* was void and patently unlawful, but specifically noted that plaintiff was free to serve a second subpoena on NetScape, provided that he complied with certain pre-service requirements, including the requirement that he "craft a proposed new subpoena that is dramatically narrower in scope and specifically tailored to the matters in dispute in the pending litigation"). The foundation for each of these cases is the accepted principle that the Privacy Act does not serve to bar an internet service provider like AOL from producing records in response to a properly issued subpoena *duces tecum* like the subject subpoena.[3]  For this reason, the subject Order is erroneous as a matter of law.

4. Alternatively, the subject Order is erroneous as a matter of law because, even assuming *arguendo* that the Magistrate Judge properly concluded that the Privacy Act generally

---

[3] The Rigsbys rely primarily on *O'Grady v. Superior Court*, 139 Cal.App.4th 1423, 44 Cal.Rptr.3d 72 (2006). In that case, the California state appellate court interpreted the federal Stored Communications Act and held that under the Act, a civil subpoena served upon an e-mail provider could not be enforced. The *O'Grady* court's interpretation of federal law was erroneous, *see, e.g., McCready v. eBay, Inc., supra,* and is not binding on this Court. *See Wilder v. Turner*, 490 F.3d 810, 814 (10th Cir. 2007) ("It is beyond cavil that we are not bound by a state court interpretation of federal law" (citing *Grantham v. Avondale Indus., Inc.,* 964 F.2d 471, 473 (5th Cir.1992))). In any event, even under *O'Grady*, the subpoena in this case fits within the exceptions discussed more fully in paragraph 4 (and footnote 4) below.

4

bars an internet service provider like AOL from producing records in response to a properly issued subpoena *duces tecum* like the subject subpoena, the Privacy Act contains certain exceptions to the general rule which apply to the subpoena issued in this case. *See* 18 U.S.C. § 2701(c) ("Subsection (a) of this section does not apply with respect to conduct authorized--(1) by the person or entity providing a wire or electronic communications service; (2) by a user of that service with respect to a communication of or intended for that user; or (3) in section 2703, 2704 or 2518 of this title); 18 U.S.C. § 2702(b) ("Exceptions for disclosure of communications.-- A provider described in subsection (a) may divulge the contents of a communication--(1) to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient; (2) as otherwise authorized in section 2517, 2511(2)(a), or 2703 of this title; (3) with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of a remote computing service"); 18 U.S.C. § 2702(c) ("Exceptions for disclosure of customer records.--A provider described in subsection (a) may divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by subsection (a)(1) or (a)(2))--(1) as otherwise authorized in section 2703; (2) with the lawful consent of the customer or subscriber; … (6) to any person other than a governmental entity"); *see also Freedman v. America Online, Inc.*, 325 F.Supp.2d 638 (E.D. Va. 2004) (noting that "[a]uthorized disclosures of a subscriber's record or information under § 2703(c) are those made pursuant to (i) a warrant, (ii) a court order, (iii) subscriber consent, (iv) a formal written request relevant to a law enforcement investigation concerning telemarketing fraud, (v) an administrative subpoena authorized by a Federal or State statute, or (vi) a Federal or State grand jury or trial subpoena").[4]

---

[4] *Compare O'Grady v. Superior Court*, 139 Cal.App.4th 1423, 1446, 44 Cal.Rptr.3d 72, 88 (2006) ("Copies [of e-mail] may still be sought from the intermediary if the discovery can be brought within one of the statutory

First, State Farm submits that its properly issued, facially valid subpoena *duces tecum* fits within the recognized exception in § 2703(c) (which carries over to the exceptions set forth in §§ 2701 and 2702) for disclosures pursuant to a warrant, a court order, etc. Indeed, the Seventh Circuit has held that a facially valid subpoena *duces tecum* is the equivalent of "a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization" in a case involving an internet service provider's alleged violation of the Electronic Communications Privacy Act and the Stored Communications Act. *McCready v. eBay, Inc.*, 453 F.3d 882 (7th Cir. 2006) (holding that eBay's "[g]ood faith reliance on a subpoena is a complete defense to actions brought under the ECPA and SCA. 18 U.S.C. §§ 2520(d)(1), 2707(e)"). In this regard, State Farm observes that, like a court order, subpoenas issued under Rule 45 are backed by the power of this Court, which has the authority to punish or sanction the recipient of the subpoena for contempt if the recipient fails to comply with a valid subpoena. See Rule 45(e), Federal Rules of Civil Procedure.

Second, State Farm submits that the movants should be deemed to have given their lawful consent, actual or constructive, to AOL for the disclosure or production of the requested information. As argued more fully in State Farm's Memorandum in Opposition, the information sought from AOL is actually the property of State Farm and there is an outstanding order requiring the Rigsbys to produce it to State Farm. The subpoena seeks discovery of information and data that the movants stole from State Farm and then provided to attorney Dickie Scruggs,

---

exceptions-most obviously, a disclosure with the consent of a party to the communication. (18 U.S.C. § 2702(b)(3).) Where a party to the communication is also a party to the litigation, it would seem within the power of a court to require his consent to disclosure on pain of discovery sanctions. (See U.S. Internet Service Providers Assn., Electronic Evidence Compliance-A Guide for Internet Service Providers, *supra,* 18 Berkeley Tech. L.J. 945, 965; *Miranda v. 21st Century Ins. Co.* (2004) 117 Cal.App.4th 913, 929, 12 Cal.Rptr.3d 159 [judgment of dismissal affirmed after claimant refused discovery order to sign authorization for release of medical records]; *Emerson Electric Co. v. Superior Court* (1997) 16 Cal.4th 1101, 1112, 68 Cal.Rptr.2d 883, 946 P.2d 841 [sanctions available against deponent who refuses to comply with order requiring him to perform demonstration or reenactment of accident]").

who employed the Rigsbys as "litigation consultants" and then purportedly used the stolen data as the basis for hundreds of lawsuits that he filed against State Farm, including this case. The Rigsbys have admitted that they forwarded this stolen information to their personal AOL accounts by e-mail from a State Farm laptop computer that was provided to them incident to their previous employment with E.A. Renfroe & Co. It is undisputed that the Rigsbys' acts violated the terms of their employment agreement with E.A. Renfroe & Co., and the Rigsbys have been ordered to return all physical or electronic records, documents or other materials or property of State Farm which they created or obtained during their employment with E.A. Renfroe & Co. (*see* Memorandum in Opposition, Exhibit 2). In addition, in the underlying case pending in the Southern District of Mississippi, Magistrate Judge Robert Walker has already ruled that "State Farm is entitled to know the basis for the Rigsbys' charges of wrongdoing," and has ordered the Rigsbys "to produce the requested documents *within their actual or constructive possession*" to State Farm (Memorandum in Opposition, Exhibit 6, at p. 5 (emphasis added)).

The Rigsbys have claimed that they cannot comply with the latter order because their home computer crashed. Therefore, to the extent the Rigsbys are required to produce to State Farm the documents which they created or obtained during their employment with E.A. Renfroe & Co., the lawful consent exception should be deemed to apply, as, according to the Rigsbys themselves, that is the only way in which they can comply with the order in the underlying case.

Further, the information sought is within the Rigsbys' "constructive possession" because they can consent to AOL's disclosure of documents held in their e-mail accounts at AOL. *See Columbia Pictures Ind. v. Bunnell*, 2007 WL 2080419, at * 1, n.1 (C.D.Cal. May 29, 2007) (data transferred from defendants' website to RAM (random access memory) of third party entity under contract with defendant "is within defendants' possession, custody and control by virtue of

7

defendant's contractual relationship with the third party entity. In that circumstance, defendants would, at a minimum, have an obligation to make reasonable inquiry of the third party entity for the data in issue"). State Farm submits that, at a minimum, because the Rigsbys have come to this Court seeking to prevent State Farm from discovering information to which it is entitled and which they are already under a court order to produce – information which is at least in their constructive possession – the Rigsbys' "lawful consent" should be implied or deemed to exist constructively under the unique circumstances presented. Stated differently, State Farm submits that in view of Magistrate Judge Walker's order, the Rigsbys are obligated to give their consent to AOL and should not be allowed to withhold their consent or object to State Farm's lawful subpoena in this proceeding. For these additional reasons, the Magistrate Judge's Order is erroneous and contrary to the law, and should be set aside or reversed.

     5.      The Motion to Quash was brought under Rule 45(c)(3)(A)(iii) and (iv) of the Federal Rules of Civil Procedure. The movants failed to meet their heavy burden of showing that AOL's compliance with the subpoena would require disclosure of privileged or other protected matter and that no exception or waiver applies, and likewise failed to meet their heavy burden of showing that AOL's compliance with the subpoena would subject them / AOL to any undue burden. *See, e.g., Hardin v. Belmont Textile Machinery Co.*, 2007 WL 2300795, *4 (W.D.N.C. Aug. 7, 2007) (citations omitted) ("party seeking to quash [a subpoena] bears a heavy burden to show compliance with the subpoena would be unreasonable and oppressive"). This is particularly true in view of the fact that neither AOL nor the plaintiffs in the underlying action have moved to quash the subpoena. *See Mayes v. City of Oak Park*, 2007 WL 187941, *1, n.1 (E.D. Mich. Jan. 22, 2007) ("Defendants would clearly lack standing to quash the subpoena on the basis of undue burden to the CLEMIS representatives because the representatives have not

8

objected to the subpoena on those grounds.  *See* 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, *FEDERAL PRACTICE AND PROCEDURE CIVIL 2D,* § 2035 (a party may not seek an order to protect a third party's rights that have not been asserted by that third party)"); *see also G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, 2007 WL 119148, *3 (D.Nev. Jan. 9, 2007) ("A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the nonparty are not grounds on which a party has standing to move to quash a subpoena issued to a non-party, especially where the non-party, itself, has not objected" (citing *Moon v. SCP Pool Corp.* 232 F.R.D. 633, 636-37 (C.D. Cal. 2005)).

6.  The Magistrate Judge erred when he determined that the Rigsbys have standing to quash the subpoena on the basis of undue burden to AOL, because AOL has not objected to the subpoena.  See authorities cited in paragraph 5. above.

7.  The Order of the Court, which generally adopts the reasons set forth in the Motion to Quash and supporting Memorandum in Support filed by movants Cori and Kerri Rigsby (Dkt. Nos. 1, 2), is overbroad, erroneous, and contrary to Judge Poretz's specific findings that were announced from the bench during the November 30, 2007 hearing.  Specifically, Judge Poretz found that the information sought by State Farm through its subpoena to AOL, subject to any claim of privilege by the movants, was relevant to a claim or defense in the underlying action, and within the permissible scope of discovery.  Additionally, Judge Poretz specifically declined to address or determine whether the information sought by the subpoena was in fact subject to any claim of privilege by the Rigsbys, or whether the Rigsbys have waived the right to claim privilege, or whether any exceptions apply (Dkt. No. 5).  The Rigsbys have not properly raised a claim of privilege for purposes of this proceeding, have waived the right to rely on a claim of

9

privilege as a defense to the subpoena, and otherwise should be barred from relying on a claim of privilege in this proceeding, for the reasons stated more fully in State Farm's Memorandum in Opposition.

STATE FARM FIRE AND CASUALTY COMPANY

By: /s/ Theodore I. Brenner
Theodore I. Brenner, VSB 17815
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin St., Suite 200
P.O. Box 470
Richmond, Virginia 23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: tbrenner@beylaw.com

Alexander S. de Witt, VSB 42708
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin St., Suite 200
P.O. Box 470
Richmond, Virginia 23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: adewitt@beylaw.com

## **CERTIFICATE**

I hereby certify that on the **10th** day of December, 2007, I electronically filed the foregoing OBJECTIONS with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following filing user: Ellen D. Marcus, Esq., Zuckerman Spaeder LLP, 1800 M Street NW, Suite 1000, Washington, DC 20036, 202-778-1800, Email: emarcus@zuckerman.com.

/s/ Theodore I. Brenner
Theodore I. Brenner, VSB 17815
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
P.O. Box 470
Richmond, Virginia 23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: tbrenner@beylaw.com